IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| DAMIEN J. ALMAGUER, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 9:20-CV-135-TH |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY, § | |
| § | |
| *Defendant*. § | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING
REPORT AND RECOMMENDATION**

The Plaintiff, Damian J. Almaguer ("Almager") requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to his application for disability-based benefits. The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the Commissioner's decision be affirmed. The court considered the report and recommendation filed on November 2, 2021 (Doc. #17), and the Plaintiff's objections (Doc. #18).

**I. Standard**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

## II. Discussion

Almaguer submitted written objections in a timely manner; however, he failed to specifically identify the findings or recommendations to which he objected. Instead, Almaguer's objections mimic his initial briefing to the court. Specifically, he claims that the ALJ erred in not giving more weight to his symptoms and allegations of pain resulting from his condition, Neurofibromatosis. (Doc. #18.) He also asserts that the ALJ failed to find Dr. Hurlburt's opinion persuasive. (*Id.*) Finally, he states that he cannot do the jobs listed by the vocational expert, because he cannot read, write, add or subtract. (*Id.*)

As noted by Judge Stetson, ALJ Meyer took into consideration all of Almaguer's symptoms and allegations of pain as a result of his medical conditions and reviewed the medical treatment records regarding the same in reaching a conclusion regarding his limitations in performing a job at the sedentary level. ALJ Meyer also properly considered the opinion of Dr. Hurlburt along with the opinions of Aaron Dudley (certified physician assistant) and Dr. Ryan White according to the new regulations. As outlined by Judge Stetson, ALJ Meyer carefully analyzed and weighed all of the evidence from the various medical providers/experts, and his decision is well reasoned and well supported. An ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991).

With regard to Almaguer's ability to read, write, add, and subtract, this was not an issue properly briefed by Almaguer other than mentioning his IQ level. Moreover, the evidence of record does not support this allegation. Although Almaguer testified at the administrative hearing that he cannot perform these functions, he also testified that he attended community college and it's just "hard for me to read." (Tr. 40-41, 44.) Almaguer also wrote his own functional report (written in first person as opposed to other reports written for him) and listed

his personal email address (presumably where he receives emails that he must read and sends emails that he must write). (Tr. 306-314.) He asserted in this functional report that he can pay bills, count change, shop for food, and texts other people. (*Id.*) A school report filled out by Almaguer in 2007 using short sentences indicates he has the ability to read and write. (Tr. 359.) Another school report in 2005 indicates that he was reading, writing and doing math at, at least a fifth-grade level. (Tr. 393.) His records from the Burke Center in 2018 indicate that he can read and write. (Tr. 572.) Consequently, substantial evidence in the record supports ALJ Meyer's RFC limitations for work limited to understanding, remembering, and carrying out simple instructions for one to three step tasks that are routine and repetitive without frequent changes in duties.

### III. Conclusion and Order

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes that Almaguer's objections are without merit because the objections are not related to a specific finding within the Report and Recommendation and the magistrate judge properly found that ALJ Meyer's application of the sequential analysis was free from legal error and supported by substantial evidence. *Id.*; 28 U.S.C. § 636 (b)(1).

Accordingly, the court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED** this the **16** day of **November, 2021.**

Thad Heartfield
United States District Judge